**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4520**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TRAVIS KNOX,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:10-cr-00019-RLV-DCK-1)

———————

Submitted: September 29, 2011      Decided: October 4, 2011

———————

Before KING, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Angela G. Parrott, Acting Executive Director, Matthew R. Segal, Allison Wexler, Assistant Federal Defenders, Asheville, North Carolina; Emily Marroquin, Assistant Federal Defender, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Knox pled guilty to seven counts of possession with intent to distribute cocaine base ("crack"). Counts 1-6 had no drug amounts, but Count 7 listed five grams or more of crack. Knox was sentenced to 188 months of imprisonment. On appeal, Knox's sole issue is that he should have been sentenced under the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220. Currently pending before this court is the Government's unopposed motion to remand this case to the district court to allow Knox to be resentenced in accordance with the FSA.

Based on our consideration of the materials submitted with this motion, we grant the motion to remand, vacate the sentence, and remand this case to the district court to permit resentencing. By this disposition, however, we indicate no view as to whether the FSA is retroactively applicable to a defendant like Knox whose offenses were committed prior to August 3, 2010, the effective date of the FSA, but who was sentenced after that date, leaving that determination in the first instance to the district court.[*] Because Knox does not contest his convictions on appeal, we affirm his convictions.

---

[*] See United States v. Bullard, 645 F.3d 237, 248 n.5 (4th Cir. 2011) (reserving judgment on the question "whether the FSA could be found to apply to defendants whose offenses were committed before August 3, 2010, but who have not yet been sentenced").

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>
